**UNITED STATES of America, Appellee,**

v.

**Anthony Gary THOMAS, Appellant.**

**No. 01–3119.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 12, 2002.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that the district court's order of April 26, 2001 be affirmed. While arguably the petition for writ of habeas corpus should not have been construed as being brought pursuant to 28 U.S.C. § 2255, *see United States v. Palmer,* 296 F.3d 1135, 1144 (D.C.Cir.2002), even treated as a petition brought under

28 U.S.C. § 2241, petitioner's claim fails. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not implicated because appellant's sentence does not exceed the maximum sentence under 18 U.S.C. § 2113(b). *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348 (any fact, except that of prior conviction, that increases sentence beyond statutory maximum must be submitted to jury and proved beyond a reasonable doubt); *United States v. Fields*, 251 F.3d 1041 (D.C.Cir. 2001) (*Apprendi* applies only to sentence that exceeds statutory maximum) (modifying on rehearing, *United States v. Fields*, 242 F.3d 393 (D.C.Cir.2001)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.